*1091 PREGERSON, Circuit Judge,
dissenting:
The Supreme Court has repeatedly held that warrantless searches by police “ ‘are per se unreasonable under the Fourth Amendment — subject only to a few specifically established and well-delineated exceptions.’ ” Arizona v. Gant, 556 U.S. 332, 338, 129 S.Ct. 1710, 173 L.Ed.2d 485 (2009) (quoting Katz v. United States, 389 U.S. 347, 357, 88 S.Ct. 507, 19 L.Ed.2d 576 (1967)); see also Mincey v. Arizona, 437 U.S. 385, 390, 98 S.Ct. 2408, 57 L.Ed.2d 290 (1978) (“[I]t is a cardinal principle that ‘searches conducted outside the judicial process, without prior approval by judge or magistrate, are per se unreasonable under the Fourth Amendment — subject only to a few specifically established and well-delineated exceptions.’”) (quoting Katz, 389 U.S. at 357, 88 S.Ct. 507). Today, the majority overlooks this well-established rule.
The majority upholds an ordinance that violates the Fourth Amendment on its face. Los Angeles Municipal Code Section 41.49 authorizes the Los Angeles Police Department to search hotel business records without a warrant. To pass constitutional muster, a warrantless search of a business, like any warrantless search, must be based on a “specifically established and well-delineated exeeption[ ]” to the Fourth Amendment’s warrant requirement. Gant, 556 U.S. at 338, 129 S.Ct. 1710 (internal quotation marks omitted); see also Marshall v. Barlow’s, Inc., 436 U.S. 307, 311, 98 S.Ct. 1816, 56 L.Ed.2d 305 (1978) (noting that the Fourth Amendment’s warrant requirement applies to “places of business”). What is the “specifically established and well-delineated exception[]” put forth by the majority? There is none. Instead, the majority simply declares that the searches at issue are reasonable. Maj. Op. at 1089-90.
The majority concedes that the ordinance authorizes a “search” within the meaning of the Fourth Amendment. See Maj. Op. at 1089 (“The Fourth Amendment explicitly protects ‘papers.’ The guest register covered by the city ordinance is a protected paper.”). The majority further concedes that the ordinance authorizes these searches to occur without a warrant. Maj. Op. at 1086-87.
Thus it is clear that, to comply with the Fourth Amendment, the ordinance must fall within a “specifically established and well-delineated exception[ ]” to the warrant requirement. Gant, 556 U.S. at 338, 129 S.Ct. 1710 (internal quotation marks omitted). Yet the majority does not offer any exception.[1]
The majority opinion conflicts with longstanding and well-established Fourth Amendment jurisprudence. Accordingly, I dissent.

. I agree with the district court that the exception to the warrant requirement for "closely regulated” industries does not apply. See New York v. Burger, 482 U.S. 691, 700-02, 107 S.Ct. 2636, 96 L.Ed.2d 601 (1987) (describing exception to the warrant requirement for "closely regulated” industries). The city has not offered any evidence that hotels in Los Angeles have been subjected to intense regulatory scrutiny. The city cites a handful of state and local laws to establish that hotels are "closely regulated,” but most of the laws cited by the city are laws of general applicability, and do not establish that hotels are a closely regulated industry. See Rush v. Obledo, 756 F.2d 713, 722 (9th Cir.1985).